OPINION OF THE COURT
 

 Per Curiam.
 

 This case involves a situation in which the parents of a newborn infant, in consultation with others, had responsibly decided upon a course of medical treatment. An application challenging this choice was made by a person not related or known to the family and its situation and, in the absence of any further investigation pursuant to section 1034 of the Family Court Act, the hearing court
 
 *211
 
 abused its discretion as a matter of law by permitting this proceeding to go forward. Although we affirm the Appellate Division’s ultimate dismissal of the petition, we do so for a different reason.
 

 The parents of Baby Jane Doe, who was born on October 11, 1983 with spina bifida and serious complicating disorders, elected after consultation with neurological experts, nurses, their religious counselors and a social worker, elected to adopt a conservative course for her medical treatment. A resident of the State of Vermont, with no disclosed connection with Baby Jane Doe or her family, set in motion the judicial proceeding which has now reached our court. Rather than pursuing the procedures prescribed in the Family Court Act, he applied directly to a Justice of the Supreme Court. At the outset it was recognized by the court that the petitioner himself had no direct interest in or relationship to any party. An attempt was then made to remedy the perceived procedural deficiency by the appointment of a guardian ad litem for the baby. That guardian has pressed an application for a judicial authorization for surgery to override the judgment of the parents. To facilitate a quick disposition of the proceeding, the parties consented to the court’s jurisdiction of their persons. A broadly grounded motion to dismiss the proceeding was made by the Attorney-General on behalf of the hospital, the initially named respondent. This motion should have been granted.
 

 It would serve no useful purpose at this stage to recite the unusual, and sometimes offensive, activities and proceedings of those who have sought at various stages, in the interests of Baby Jane Doe, to displace parental responsibility for and management of her medical care. It is enough now to identify the fundamental legal principles which are determinative.
 

 The Legislature, recognizing the primary responsibility of parents concerning the choice of medical care for their child, has made explicit provision for those instances calling for governmental intervention. Article 10 of the Family Court Act is expressly “designed to establish procedures to help protect children from injury or mistreatment and to help safeguard their physical, mental, and emotional well-
 
 *212
 
 being. It is designed to provide a due process of law for determining when the state, through its family court, may intervene against the wishes of a parent on behalf of a child so that his needs are properly met” (Family Ct Act, § 1011). The article contains detailed provisions for child protective proceedings.
 

 Therefore, contrary to the petitioner’s contention, there is legislation covering this type of proceeding. Section 1032 of the Family Court Act provides that a child neglect proceeding may be originated by a child protective agency or “a person on the court’s direction”. Thus primary responsibility for initiating such proceedings has been assigned by the Legislature to child protective agencies which may file a petition whenever in their view court proceedings are warranted. All other persons and entities may only file a petition if directed to do so by the court. The Legislature has further provided that the court may direct a child protective agency to conduct an investigation and report to the court “in order to determine whether a proceeding under this article should be initiated” (Family Ct Act, § 1034).
 

 The requirement for court approval or authorization for proceedings prompted by those other than child protective agencies indicates the Legislature’s concern that judicial proceedings touching the family relationship should not be casually initiated and imposes upon the courts the obligation to exercise sound discretion before permitting such petitions to be filed. It is evident that the Legislature contemplated that the child protective agencies should play a significant role in making that determination, although that may not always be necessary or appropriate.
 

 In this case the Supreme Court initiated the proceeding at the behest of a person who had no disclosed relationship with the child, her parents, her family, or those treating her illnesses. Indeed it does not appear that the petitioner had any direct or personal knowledge of the facts relating to the child’s condition, the treatment she is presently receiving or the factors which prompted her parents to adopt the course they have. There is also no showing that the petitioner communicated his concerns to the Department of Social Services having primary responsibility with
 
 *213
 
 these matters. Neither apparently did the court seek the department’s investigative assistance, advice or expertise before signing an order initiating this proceeding thus requiring the child’s parents, treating physicians, and others involved with her care to appear in court to justify their actions.
 

 There was a failure in this instance to follow the statutory scheme contemplated by the Legislature for the protection of children. To accept the position of the guardian would have far-reaching implications. As the guardian conceded on oral argument, acceptance of the proposition he espouses would be to recognize the right of any person, without recourse to the strictures of the Family Court Act, to institute judicial proceedings which would catapult him into the very heart of a family circle, there to challenge the most private and most precious responsibility vested in the parents for the care and nurture of their children — and at the very least to force the parents to incur the not inconsiderable expenses of extended litigation.
 

 We do not attempt to anticipate or set forth all the circumstances in which a court may be called upon to protect a child’s interests. Nor do we mean to define the extent of the court’s obligation to conduct an independent investigation or to consult with a child protective agency. There may be occasions when it is appropriate for the court to act without making further inquiry of this nature. On this record, however, no such circumstances are evident.
 

 There are overtones to this proceeding which we find distressing. Confronted with the anguish of the birth of a child with severe physical disorders, these parents, in consequence of judicial procedures for which there is no precedent or authority, have been subjected in the last two weeks to litigation through all three levels of our State’s court system. We find no justification for resort to or entertainment of these proceedings.
 

 The order of the Appellate Division dismissing the proceeding should be affirmed, without costs.
 

 Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur in
 
 Per Curiam
 
 opinion.
 

 Order affirmed, without costs.