Jasen, J.
(dissenting). By its holding today, the majority fails to take cognizance of the independent duty of care flowing from *641 the physicians to the parents by virtue of their professional relationship. The transmission of misinformation to the parents as to the diagnosis of their child’s illness, to wit: bacterial meningitis, interfered with the parents’ moral and statutory duty, and constitutional right, to secure adequate and timely medical care for their seriously ill child. Since there exists a direct duty to the parents independent of that owed by the physicians to the child, appellant’s cause of action seeking damages for emotional harm is cognizable at law.
At the threshold, it is necessary to emphasize that the Legislature has imposed upon the parents of a child the nondelegable affirmative duty to provide their child with adequate medical care (Family Ct Act § 1012 [f], [i] [A]; Matter of Hofbauer, 47 NY2d 648, 654). The determination of the choice of medical care to be administered to the child is the primary responsibility of the parents. (Weber v Stony Brook Hosp., 60 NY2d 208, 211.) By necessity, parents must generally retain the professional services of a physician to advise them in fulfilling their moral and statutory duty to secure adequate medical care for their child. This professional relationship between the retained physician and the parents of a child has thus been described: “a parent, in making the sensitive decision as to how the child should be treated, may rely upon the recommendations and competency of the attending physician if he or she is duly licensed to practice medicine in this State, for ‘[i]f a physician is licensed by the State, he is recognized by the State as capable of exercising acceptable clinical judgment.’ Obviously, for all practical purposes, the average parent must rely upon the recommendations and competency of the attending physician since the physician is both trained and in the best position to evaluate the medical needs of the child”. (Matter of Hofbauer, 47 NY2d 648, 655-656 [citation omitted], supra.) The law of this State compels a parent to seek a physician’s advice when reasonable prudence dictates. (People v Pierson, 176 NY 201, 206.) While this court has in the past recognized the professional relationship between parents and the physician — a relationship to which the child is, prior to the surrender of custody to the physician or hospital, essentially a third-party beneficiary — the majority fails to do so today.
In Johnson v State of New York (37 NY2d 378), we held defendant liable for the emotional harm suffered by plaintiff, where defendant erroneously advised plaintiff of her mother’s death. Liability in Johnson was predicated entirely upon a duty the defendant had undertaken to inform plaintiff of her mother’s status. It is precisely such a duty to inform which was breached in the instant case. Indeed, the duty to advise plaintiffs here is *642 even clearer since there existed a professional relationship between plaintiffs and defendants, and the information sought by the parents was to be utilized to fulfill their statutory and moral duty to secure adequate and timely medical care for their child. In language particularly relevant to this controversy, Chief Judge Breitel noted: “In this case, however, the injury was inflicted by the hospital directly on claimant by its negligent sending of a false message announcing her mother’s death. Claimant was not indirectly harmed by injury caused to another; she was not a mere eyewitness of or bystander to injury caused to another. Instead, she was the one to whom a duty was directly owed by the hospital, and the one who was directly injured by the hospital’s breach of that duty”. (Johnson v State of New York, 37 NY2d 378, 383 [emphasis added], supra.) As in Johnson, defendants owed plaintiffs a duty to refrain from transmitting erroneous information and diagnosis concerning the health status of the individual within their care. The misinformation and the tragic events immediately flowing from its receipt were, it is alleged, the proximate cause of plaintiffs’ emotional harm.
This court has noted that, as a matter of policy, the major obstacle to recognition of a cause of action for emotional distress has been the difficulty in defining rational limits of liability. (Lafferty v Manhasset Med. Center Hosp., 54 NY2d 277, 279.) That problem is not herein presented. The law of New York charges parents with the affirmative duty to provide their children with adequate medical care. The perimeter of liability is sharply restricted by statute, and defined by case law, as extending only to parents. Where the law confers upon a party an absolute duty of care, and that party retains professional assistance to fulfill that duty, it is disingenuous to suggest that a direct duty has not been established between that party and the retained professional. Recognizing that the pain suffered by the parents was no less real, nor the duty breached any less clear, than in Johnson, I would reinstate appellant’s causes of action.
Order affirmed, etc.