■ In the Matter of JEREMY P. and Others, Children Alleged to be Permanently Neglected. REX P., SR., Appellant; ONEIDA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. [624 NYS2d 325] —Order unanimously affirmed without costs. Memorandum: Family Court found respondent's children to be permanently neglected. Based upon an agreement reached by the parties on November 2, 1992, the court suspended the termination of respondent's parental rights for six months on the condition that respondent submit to psychological evaluation, participate in counseling and parental training classes and attend the Nurturing Program. Respondent appeals from an order revoking that suspension and awarding guardianship and custody to the Oneida County Department of Social Services (DSS).

Respondent contends that the order suspending the termination of parental rights is vague or ambiguous because DSS was allowed to submit progress reports beyond the six-month period commencing November 2, 1992. He also contends that the order was susceptible to misinterpretation and that the court's determination is contrary to the weight of the evidence. We disagree. A different time period for the submission of progress reports was occasioned by the untimely filing of the order on February 22, 1993. That untimely filing, however, had no effect upon the agreement of the parties. Respondent acknowledged at the hearing that he was required to satisfy the conditions within the six-month period commencing November 2, 1992.

The court did not misinterpret the order, nor is its determination contrary to the weight of the evidence. Although the order provided that respondent was to "submit to" psychological evaluation, respondent understood that the evaluation had to be completed before he could participate in counseling. Respondent could not exercise visitation with his children until he had demonstrated sufficient progress in counseling and therapy sessions, and he could not attend the Nurturing Program until he had been allowed visitation with the children. Without explanation, respondent failed to attend two scheduled psychological evaluation sessions. That failure delayed the scheduling of the first counseling session until April 26, 1993. At that point, it was obvious that respondent would be unable to progress sufficiently in counseling and therapy

sessions, receive permission to have visitation with the children and attend the Nurturing Program in the remaining six days before expiration of the six-month period. Thus, the court properly concluded that respondent's failure to complete the psychological evaluation in a timely manner amounted to a failure to satisfy the conditions of the order. (Appeal from Order of Oneida County Family Court, Morgan, J.—Terminate Parental Rights.) Present—Denman, P. J, Lawton, Fallon, Balio and Boehm, JJ.