◼ In the Matter of JOSHUA O., and Another, Children Alleged to be Permanently Neglected. TOMPKINS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CHERYL O., Appellant. [641 NYS2d 475] —Spain, J. Appeal from an order of the Family Court of Tompkins County (Friedlander, J.), entered September 24, 1993, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's children to be permanently neglected, and terminated respondent's parental rights.

Respondent is the mother of two children, Joshua O. (born in 1989) and Brianna O. (born in 1992). Following Joshua's birth, petitioner provided support services to respondent; during this period respondent and Joshua resided with respondent's father. Petitioner's support services were terminated in May 1990 and shortly thereafter respondent and Joshua left her father's residence. In the months following, respondent allegedly suffered hallucinations, missed doctor's appointments, suffered bouts of screaming, and was unable to provide proper nourishment for herself and Joshua; further, respondent was prescribed monthly injections of proxilin to control her psychological problems. In February 1991 petitioner commenced a neglect proceeding, pursuant to Family Court Act article 10, and Joshua was placed in the custody and care of petitioner. In August 1991 respondent consented to the entry of an order of adjudication of neglect and Joshua was placed in petitioner's custody and care for 12 months; in July 1992 upon the consent of the parties, Joshua's placement was extended for 12 months. In February 1992, immediately after Brianna's birth, petitioner commenced a neglect proceeding regarding Brianna who was temporarily placed in the custody and care of petitioner. In June 1992 Family Court appointed a guardian ad litem for respondent. In July 1992 Family Court ordered respondent to undergo an evaluation by Robert Maxwell, a clinical psychologist. Brianna was subsequently adjudicated a neglected child and was placed in the custody and care of petitioner.

In May 1992 petitioner commenced the instant proceeding pursuant to Social Services Law § 384-b, seeking an order adjudicating Joshua to be permanently neglected and committing his guardianship and custody to petitioner; the proceeding

was based on the allegation that respondent failed to plan for Joshua's return. Petitioner filed an amended petition in June 1992 with an additional allegation that respondent, for the foreseeable future, would be unable by reason of mental illness or retardation to provide adequate care for Joshua. Subsequently, in February 1993, petitioner filed a second amended petition, based on the aforementioned allegations, seeking an order adjudicating Brianna to be permanently neglected.

In May 1993 a fact-finding hearing was held solely on the allegations regarding respondent's mental illness or retardation. Petitioner introduced respondent's entire Department of Social Services file into evidence and presented the testimony of Maxwell; Maxwell's report was also introduced into evidence. Respondent testified on her own behalf. Family Court, relying on the psychologist's testimony, found respondent to be presently and for the foreseeable future unable, by reason of mental retardation, to provide proper and adequate care for Joshua and Brianna, and granted the petition. In late July 1993 petitioner filed a petition requesting termination of respondent's visitation with the children; Family Court granted the petition, citing the children's need to settle in with their prospective adoptive parents. After a dispositional hearing, Family Court terminated respondent's parental rights and permanently placed the guardianship and custody of the children with petitioner for purposes of facilitating adoption of the children. Respondent appeals.

We affirm. It is settled law that " '[i]n order to terminate parental rights on the ground of mental illness, the petitioning agency must demonstrate by clear and convincing evidence that the respondent is presently, and for the foreseeable future will be, unable to provide proper and adequate care for his or her child[ren] by reason of the respondent's mental illness' " (*Matter of Brett J.*, 206 AD2d 595, 596 [quoting *Matter of Donald LL.*, 188 AD2d 899, 900-901], *lv denied* 84 NY2d 807; *see,* Social Services Law § 384-b [4] [c]). Here, Maxwell testified that his assessment of respondent included three distinct parts: intellectual functioning, an emotional/personality evaluation and an evaluation of parenting skills. The assessment also included the administration of standardized tests; the results of the intelligence testing revealed that respondent suffers from mild mental retardation. Significantly, Maxwell testified that such retardation makes it difficult for respondent to anticipate problems and to plan for the future; further, respondent suffers from high levels of stress and anxiety and has a difficult time controlling her outbursts. Regarding respondent's parent-

ing skills, Maxwell testified that she had a difficult time meeting Joshua's basic needs and opined that respondent "shows no signs of being capable of understanding the complex needs of a child" and, further, that respondent "does not appear capable of managing her own affairs independently and thus may not be expected to adequately care for the needs for a young child". Although respondent's testimony clearly reveals that she loves her children, we conclude that the record fully supports Family Court's determination of permanent neglect based upon her mental illness and retardation.

We further reject respondent's contention that she was denied effective assistance of counsel. While it is clear that respondent is entitled to assistance of counsel in a permanent neglect proceeding (*see*, Family Ct Act §§ 261, 262 [a] [iv]; *Matter of Karl L.*, 224 AD2d 841; *Matter of De Vivo v Burrell*, 101 AD2d 607), the record clearly shows that respondent was meaningfully represented and was given a fair hearing. A mere disagreement with respect to trial strategies, tactics or scope of possible cross-examination is not sufficient to support such a claim (*see*, *People v Flores*, 84 NY2d 184, 187). Finally, respondent's contention that trial counsel erred by failing to request that Family Court Judge Friedlander recuse herself from this case is misplaced. The record does not support any assertion that Judge Friedlander prejudged the case or committed any act that would warrant her recusal.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.