■ In the Matter of CYNTHIA C. and Others, Children Alleged to be Permanently Neglected. REBECCA K., Appellant; ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. [651 NYS2d 836] —Order unanimously affirmed without costs. Memorandum: In July 1993 Family Court found that respondent had permanently neglected three of her children, who had been in foster care since 1991. Termination of respondent's parental rights was suspended, however, upon the conditions that respondent (1) attend parenting classes; (2) submit to an evaluation for substance abuse; (3) obtain a steady source of income; and (4) maintain adequate housing for the children. By petition filed in May 1994, the Erie County Department of Social Services (DSS) sought revocation of the suspended judgment on the ground that respondent failed to comply with the above conditions. Following an evidentiary hearing, the court granted the petition, terminated respondent's parental rights, and awarded custody and guardianship of the children to DSS.

We agree with respondent that the court erred in admitting into evidence her entire case file, which included, *inter alia*, letters and reports written to petitioner's staff members, not by them. A proper foundation was not established for admission of those documents under the business records exception to the hearsay rule (*see*, CPLR 4518 [a]; *Matter of Leon RR*, 48 NY2d 117, 122-123). Reversal is not required, however, because the finding that respondent failed to comply with the conditions of the suspended judgment is supported by admissible evidence (*see, Matter of Willie W.*, 206 AD2d 868, *lv denied* 84 NY2d 809; *Matter of Lawrence Clinton S.*, 186 AD2d 808). Respondent testified that she did not submit to an evaluation for substance abuse (*see, Matter of Jeremy P.*, 213 AD2d 1034, *lv denied* 85 NY2d 812), and DSS established by clear and

convincing evidence that she failed to maintain adequate housing for the children. (Appeal from Order of Erie County Family Court, O'Donnell, J.—Terminate Parental Rights.) Present—Pine, J. P., Fallon, Wesley, Davis and Boehm, JJ.