■ In the Matter of THOMAS W. TRACEY, Respondent, v KELLY L. TRACEY, Appellant. [653 NYS2d 871] —Casey, J. Appeal from an order of the Family Court of Rensselaer County (Griffin, J.), entered July 13, 1995, which, *inter alia*, granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, for modification of custody.

Respondent contends that reversible error can be found in one of Family Court's evidentiary rulings and in the manner in which the hearing was conducted. We disagree with respondent and affirm the order.

The disputed evidentiary ruling concerns the testimony of petitioner's witness Nancy Biansco, who testified that she had been a close friend of respondent and had previously seen respondent use and get high on cocaine. She described her observations of respondent's physical appearance and demeanor after the use of cocaine. To contradict respondent's claim that she no longer used cocaine, Biansco was permitted to testify that several months prior to the hearing she had observed respondent exhibiting "pretty much" the same symptoms and signs as respondent had previously exhibited

---

when Biansco had seen her use cocaine. Biansco was asked her opinion as to whether respondent was high on the latter occasion, but Biansco's response was equivocal. Family Court expressly noted that Biansco's testimony "added little to the substance of these proceedings" and specifically "accorded little weight" to the testimony. It is clear from Family Court's decision that the finding of a change in circumstances and the decision to grant sole custody to petitioner were based upon other evidence and Biansco's testimony played no role in the outcome. Accordingly, we see no need to decide the issue raised by respondent's challenge to the evidentiary ruling.

Respondent claims that she was prejudiced by Family Court's rulings which permitted witnesses to be called out of order and permitted lengthy breaks in the hearing, which lasted five months, and made rulings that were biased in favor of petitioner. In the absence of timely objections during the hearing, the claimed errors are not preserved for appellate review (*see, Matter of Kagels v Kagels*, 209 AD2d 1020, 1021; *Matter of Vitti v Vitti*, 202 AD2d 917, 919). In any event, the rulings involved Family Court's exercise of discretion in conducting the hearing (*see, e.g., Matter of Patricia L. v Steven L.*, 119 AD2d 221, 226), and there is no support in the record for respondent's claim of bias.

Mercure, J. P., White, Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.