■ In the Matter of KATELYN E. and Others, Children Alleged to be Abused and/or Neglected. ROBERT E., Appellant; ANNE GILLEECE, Respondent. [661 NYS2d 522] —In a proceeding, *inter alia,* pursuant to Family Court Act article 10, the father appeals (1) from a decision of the Family Court, Westchester County (Tolbert, J.), entered August 31, 1995, and (2), as limited by his brief, from stated portions of an order of disposition of the same court, entered January 17, 1996, which, upon a fact-finding order of the same court, entered September 22,

1995, finding that he had sexually abused Justin E., *inter alia,* directed that there should be no contact between him and the children until specified events occurred. The appeal from the dispositional order brings up for review the fact-finding order entered September 22, 1995.

Ordered that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision *(see, Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the order of disposition is affirmed insofar as appealed from, without costs or disbursements.

The instant proceeding was properly commenced by "a person on the court's direction" (Family Ct Act § 1032 [b]). The fact that the appropriate child protective agency declined to commence the proceeding did not preclude the court from directing the petitioner, the former Law Guardian, to commence it *(see,* Family Ct Act § 1033; *see generally,* Besharov, Practice Commentary, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 1033, at 352).

The determination by the Family Court that the appellant father had sexually abused Justin is supported by a preponderance of the evidence *(see,* Family Ct Act § 1046 [b]; *Matter of Tammie Z.,* 66 NY2d 1). Justin's out-of-court statements were sufficiently corroborated *(see, Matter of Nicole V.,* 71 NY2d 112, 117). Where, as here, the hearing court was confronted primarily with issues of credibility, its factual findings must be accorded great weight *(see, Matter of Josephine G.,* 218 AD2d 656).

The appellant's remaining contentions are without merit. O'Brien, J. P., Ritter, Goldstein and Luciano, JJ., concur.