██ In the Matter of NATHANIEL W. and Another, Infants. CAYUGA COUNTY DEPARTMENT OF HEALTH AND HUMAN SERVICES, Respondent; TINA W., Appellant. (Appeal No. 1.) [806 NYS2d 838]—

Appeal from an order of the Family Court, Cayuga County (Mark H. Fandrich, J.), entered March 2, 2005 in a proceeding pursuant to Social Services Law § 384-b. The order adjudged the subject children to be permanently neglected and transferred the guardianship and custody rights of respondent to petitioner.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: The respondents in appeal Nos. 1 and 2 each appeal from orders terminating their parental rights with respect to their two children, transferring respondents' guardianship and custody rights to petitioner and authorizing petitioner to consent to the adoption of the children. Petitioner met its burden of establishing that it made diligent efforts to strengthen the relationship between respondents and the children by providing "services and other assistance aimed at ameliorating or resolving the problems preventing [the children's] return" to the care of either respondent (*Matter of Kayte M.*, 201 AD2d 835, 835 [1994], *lv denied* 83 NY2d 757 [1994]; *see* Social Services Law § 384-b [7] [a]; *Matter of Kyle S.*, 11 AD3d 935 [2004]). Petitioner also met its burden of establishing that each "respondent failed substantially and continuously or repeatedly to plan for the future of the children for a period of more than one year following their placement with petitioner, although physically and financially able to do so" (*Matter of Susan C.*, 1 AD3d 991, 991 [2003]; *see* Social Services Law § 384-b [7] [a]). Neither respondent succeeded in overcoming the problems that initially endangered the children and prevented their safe return, and thus Family Court properly concluded that respondents were unable to make an adequate plan for the children's future (*see Matter of Shanika F.*, 265 AD2d 870 [1999]; *Matter of Rebecca D.*, 222 AD2d 1092 [1995]).

The record does not support the contention of the respondent in appeal No. 1 (respondent mother) that the court erred in

relying upon documents not in evidence in making its dispositional determination with respect to her. In any event, any alleged error is harmless because that dispositional determination is supported by admissible evidence (*see generally Matter of Cynthia C.*, 234 AD2d 929 [1996]). Respondent mother failed to preserve for our review her further contentions that the petition is defective because it fails to comply with the requirements of Family Court Act § 614 (1) (c) (*see Matter of Jennie EE.*, 187 AD2d 877, 877-878 [1992], *lv denied* 81 NY2d 706 [1993]; *Matter of Dixie Lu EE.*, 142 AD2d 747, 747-748 [1988]); that the court prejudged the outcome of the dispositional phase of the proceeding, i.e., that the court was biased in favor of petitioner (*see Matter of Tracey v Tracey*, 235 AD2d 838, 839 [1997]; *see generally People v Prado*, 4 NY3d 725, 726 [2004], *rearg denied* 4 NY3d 795 [2005]); and that the court erred in failing to issue a suspended judgment (*see Matter of Rosalinda R.*, 16 AD3d 1063 [2005], *lv denied* 5 NY3d 702 [2005]). Contrary to the contention of respondent mother, the record supports the court's determination that termination of her parental rights is in the best interests of the children (*see Matter of Karina U.*, 299 AD2d 772, 773 [2002], *lv denied* 100 NY2d 501 [2003]). Finally, we reject the contention of the respondent in appeal No. 2 that he was denied effective assistance of counsel (*see Matter of Brenden O.*, 20 AD3d 722, 723 [2005]). Present—Pigott, Jr., P.J., Green, Pine, Lawton and Hayes, JJ.