police witness to testify as to descriptions she had received from other witnesses, under the mistaken assumption that those witnesses would also be testifying (*see People v Huertas*, 75 NY2d 487 [1990]), we find that any error was harmless, since that testimony was entirely cumulative to similar evidence that two other eyewitnesses provided.

The court properly exercised its discretion in sentencing defendant as a persistent felony offender. The procedure under which he was adjudicated a persistent felony offender is constitutional (*see People v Rivera*, 5 NY3d 61 [2005], *cert denied* 546 US —, 126 S Ct 564 [2005]). Concur—Andrias, J.P., Marlow, Williams, Buckley and Malone, JJ.

 In the Matter of Kɪᴍʙᴇʀʟʏ Vᴀɴᴇssᴀ J., a Child Alleged to be Permanently Neglected. Tʜᴏᴍᴀs J., Jʀ., Appellant; SCO Fᴀᴍ-ɪʟʏ ᴏғ Sᴇʀᴠɪᴄᴇs, Formerly Known as Sᴛ. Cʜʀɪsᴛᴏᴘʜᴇʀ-Oᴛᴛɪʟɪᴇ, Respondent. [829 NYS2d 473]—

Order of disposition, Family Court, New York County (Rhoda J. Cohen, J.), entered on or about February 7, 2006, which, upon a fact-finding determination that respondent father permanently neglected his child, terminated his parental rights and placed the child in the joint custody of petitioner agency and the Commissioner of Social Services for purposes of adoption, unanimously affirmed, without costs.

The father's argument that the amended petition was jurisdictionally defective for failing to outline with specificity petitioner's diligent efforts (Family Ct Act § 614 [1] [c]) is unpreserved as it is raised for the first time on appeal (*see Matter of Nathaniel W.*, 24 AD3d 1240, 1241 [2005], *lv denied* 6 NY3d 711 [2006]). Were we to consider the issue, we would find that it lacks merit, as the allegations were sufficiently specific to afford the father notice of the grounds on which the permanent neglect petition was predicated. Even such a deficiency in the amended petition would not be fatal where, as here, evidence at the fact-finding hearing (which included relevant case notes prepared by the agency's caseworkers) established petitioner's diligent efforts to assist the father in formulating an appropriate plan for the return of his daughter (*see e.g. Matter of Joseph ZZ.*, 245 AD2d 881, 882 [1997], *lv denied* 91 NY2d 810 [1998]). Moreover, since the record establishes that the incarcerated father failed to keep the agency apprised of his

whereabouts for at least six months, and then failed to cooperate fully with the agency after he finally did make contact, petitioner's obligation to demonstrate diligent efforts was excused (*see* Social Services Law § 384-b [7] [e]; *Matter of Edward Ramon B.*, 25 AD3d 465 [2006]).

The court's finding of permanent neglect was supported by clear and convincing evidence that respondent, for more than a year, failed to maintain substantial contact with the child or plan for her future (Social Services Law § 384-b [7] [a]; *see Matter of Star Leslie W.*, 63 NY2d 136, 142-143 [1984]). A preponderance of the evidence shows that termination of respondent's parental rights is in the best interests of this six-year-old child, who has resided in the loving and supportive home of her foster parents since she was a month old (*see Matter of Dominique S.*, 276 AD2d 367 [2000]). Concur—Andrias, J.P., Marlow, Williams, Buckley and Malone, JJ.

■ In the Matter of MITCHELL IMBERMAN, Appellant, v RAYMOND KELLY, as Statutorily Designated Handgun Licensing Officer, and as Police Commissioner of the City of New York, Respondent. [829 NYS2d 81]—

Order, Supreme Court, New York County (Lewis Bart Stone, J.), entered September 6, 2005, which denied the petition seeking to annul respondent's revocation of petitioner's pistol license and rifle/shotgun permit, unanimously affirmed, without costs.

In view of the uncontested evidence that petitioner did not surrender all firearms to his local precinct as directed by the License Division pending investigation of his character and fitness undertaken after his arrest, it cannot be said that respondent's determination was arbitrary and capricious or an abuse of discretion (*see Matter of Acosta v Kelly*, 7 AD3d 392 [2004], *lv denied* 3 NY3d 606 [2004]). It appears that rather than surrendering his handguns to the precinct, petitioner entrusted them to a gun dealer in a nonremunerative "sale" that would be consummated in the event his license was revoked. Such a transaction, undertaken without first notifying the License Division, would constitute a misdemeanor violation of 38 RCNY 5-26 (a) and Penal Law § 265.10 (7). Petitioner also failed to surrender two of his rifles until a later date, rather than immediately, as directed. The fact that he removed these rifles to Westchester does not excuse him from surrendering them when directed to do so.