In related proceedings pursuant to Family Court Act article 10, Thomas E. appeals from (1) an order of fact-finding and disposition of the Family Court, Suffolk County (Whelan, J.), dated June 20, 2012, which, after a fact-finding and dispositional hearing, found that he had abused the subject child and placed him under the supervision of the Suffolk County Department of Social Services, pursuant to stated terms and conditions, until June 20, 2013, (2) an order of protection of the same court dated July 9, 2012, which directed him to stay away from the subject child until and including July 9, 2013, and (3) a decision of the same court dated July 10, 2012.
Ordered that the appeal from the decision dated July 10, 2012, is dismissed, without costs or disbursements, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509, 509-510 [1984]); and it is further,
Ordered that the appeal from so much of the order of fact-finding and disposition as placed Thomas E. under the supervision of the Suffolk County Department of Social Services, pursuant to stated terms and conditions, until June 20, 2013, is dismissed as academic, without costs or disbursements, as that portion of the order expired by its own terms (see Matter of Amber C. [Miguel C.], 104 AD3d 845 [2013]; Matter of Renee R. [Tonya D.], 98 AD3d 1048 [2012]); and it is further,
Ordered that the appeal from the order of protection is dismissed as academic, without costs or disbursements, as the order of protection expired by its own terms; and its further,
Ordered that the order of fact-finding and disposition is affirmed insofar as reviewed, without costs or disbursements.
On October 26, 2010, the Suffolk County Department of Social Services (hereinafter the DSS) filed a petition against the appellant, Thomas E., alleging that he had sexually abused his stepdaughter, Amber A. After the DSS advised the Family Court *665 that it intended to withdraw the petition, the Family Court directed the attorney for the child to speak to Amber A., who was then 15 years old, to determine whether she wanted him to file a petition on her behalf. The attorney for the child thereafter advised the Family Court that Amber A. wanted him to file an abuse petition on her behalf, and the Family Court permitted him to do so. At the conclusion of a fact-finding and dispositional hearing, the Family Court credited Amber A.’s testimony, and found that she had established, by a preponderance of the evidence, that the appellant had sexually abused her.
The appellant contends that the attorney for the child lacked statutory authority to file a child abuse petition on behalf of Amber A. after the DSS determined that its petition should be withdrawn. We disagree. Although the primary responsibility for initiating a child neglect or abuse proceeding “has been assigned by the Legislature to child protective agencies” (Matter of Weber v Stony Brook Hosp., 60 NY2d 208, 212 [1983], cert denied 464 US 1026 [1983]), Family Court Act § 1032 also permits such a proceeding to be initiated by “a person on the court’s direction.” “The requirement for court approval or authorization for proceedings prompted by those other than child protective agencies indicates the Legislature’s concern that judicial proceedings touching the family relationship should not be casually initiated and imposes upon the courts the obligation to exercise sound discretion before permitting such petitions to be filed” (Matter of Weber v Stony Brook Hosp., 60 NY2d at 212). Contrary to the appellant’s contentions, the record demonstrates that the attorney for the child was in fact authorized by the Family Court to file a new abuse petition on behalf of Amber A., and that the Family Court’s decision to authorize him to do so was a provident exercise of its discretion (see Matter of Katelyn E., 241 AD2d 494, 495 [1997]; see also Matter of Charlene H., 64 AD2d 900 [1978]). Further, the fact that the DSS withdrew its previously filed petition did not preclude the Family Court from directing the attorney for the child to determine whether Amber A. wanted him to file a new petition on her behalf (see Matter of Katelyn E., 241 AD2d at 495).
The appellant was afforded the effective assistance of counsel (see Family Ct Act § 262 [a] [i]; Matter of Dylan Mc. [Michelle M. Mc.], 105 AD3d 1049, 1050 [2013]; Matter of Gloria M. [Kiladi M.], 96 AD3d 1060, 1062 [2012]; Matter of Christiana C. [Carleton C.], 86 AD3d 606, 607-608 [2011]). Eng, P.J., Rivera, Hall and Lott, JJ., concur.