1312

In the Matter of MAKAYLA S. STEUBEN COUNTY DEPART-
MENT OF SOCIAL SERVICES, Respondent; DAVID S., Appellant;
ALECIA P., Respondent. [987 NYS2d 757]—

Appeal from an order of the Family Court, Steuben County
(Marianne Furfure, A.J.), entered September 25, 2012 pursuant
to Social Services Law § 384-b. The order, among other things,
transferred the guardianship and custody of the subject child to
petitioner.

It is hereby ordered that the order so appealed from is
unanimously affirmed without costs.

Memorandum: In this proceeding pursuant to Social Services
Law § 384-b, respondent father appeals from an order that,
inter alia, terminated his parental rights with respect to the
subject child and ordered that the child be freed for adoption.
We reject the father's contention that Family Court erred in
finding that the child is a permanently neglected child and in
terminating the father's parental rights with respect to her.
Petitioner met its burden of establishing "by clear and convinc-
ing evidence that it made diligent efforts to encourage and
strengthen the relationship between the [father] and [the child]
by providing 'services and other assistance aimed at ameliorat-
ing or resolving the problems preventing [the child's] return to
[the father's] care' . . . , and that the [father] failed substan-
tially and continuously to plan for the future of the child al-
though physically and financially able to do so . . . Although
the [father] participated in the services offered by petitioner,
[he] did not successfully address or gain insight into the
problems that led to the removal of the child and continued to
prevent the child's safe return" (*Matter of Giovanni K.*, 62 AD3d
1242, 1243 [2009], *lv denied* 12 NY3d 715 [2009]; *see* Social Ser-
vice Law § 384-b [7] [a]). Contrary to the father's further
contentions, we conclude that the court properly denied his
request for a suspended judgment (*see Matter of Lillianna G.
[Orena G.]*, 104 AD3d 1224, 1225 [2013]; *Matter of Dahmani M.
[Jana M.]*, 104 AD3d 1245, 1246 [2013]), and that he received
meaningful representation (*see Matter of Michael C.*, 82 AD3d
1651, 1652 [2011], *lv denied* 17 NY3d 704 [2011]; *Matter of
Nathaniel W.*, 24 AD3d 1240, 1241 [2005], *lv denied* 6 NY3d 711
[2006]). Finally, we have reviewed the father's remaining
contention and conclude that it lacks merit. Present—Scudder,
P.J., Centra, Fahey, Sconiers and Valentino, JJ.