# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

503

CAF 12-01884

PRESENT: SCUDDER, P.J., CENTRA, FAHEY, SCONIERS, AND VALENTINO, JJ.

---

IN THE MATTER OF MAKAYLA S.

----------------------------------------------

STEUBEN COUNTY DEPARTMENT OF SOCIAL SERVICES,      MEMORANDUM AND ORDER
PETITIONER-RESPONDENT;

DAVID S., RESPONDENT-APPELLANT,
AND ALECIA P., RESPONDENT.

---

RAYMOND P. KOT, II, WILLIAMSVILLE, FOR RESPONDENT-APPELLANT.

JAMES DOYLE, III, BATH, FOR PETITIONER-RESPONDENT.

CHRISTINE M. VALKENBURGH, ATTORNEY FOR THE CHILD, BATH.

---

Appeal from an order of the Family Court, Steuben County (Marianne Furfure, A.J.), entered September 25, 2012 pursuant to Social Services Law § 384-b.  The order, among other things, transferred the guardianship and custody of the subject child to petitioner.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum:  In this proceeding pursuant to Social Services Law § 384-b, respondent father appeals from an order that, inter alia, terminated his parental rights with respect to the subject child and ordered that the child be freed for adoption.  We reject the father's contention that Family Court erred in finding that the child is a permanently neglected child and in terminating the father's parental rights with respect to her.  Petitioner met its burden of establishing "by clear and convincing evidence that it made diligent efforts to encourage and strengthen the relationship between the [father] and [the child] by providing 'services and other assistance aimed at ameliorating or resolving the problems preventing [the child's] return to [the father's] care' . . . , and that the [father] failed substantially and continuously to plan for the future of the child although physically and financially able to do so . . . Although the [father] participated in the services offered by petitioner, [he] did not successfully address or gain insight into the problems that led to the removal of the child and continued to prevent the child's safe return" (*Matter of Giovanni K.*, 62 AD3d 1242, 1243, *lv denied* 12 NY3d 715; *see* § 384-b [7] [a]).  Contrary to the father's further contentions, we conclude that the court properly denied his request for a suspended judgment (*see Matter of Lilliana G. [Orena G.]*, 104

AD3d 1224, 1225; *Matter of Dahmani M. [Jana M.]*, 104 AD3d 1245, 1246), and that he received meaningful representation (*see Matter of Michael C.*, 82 AD3d 1651, 1652, *lv denied* 17 NY3d 704; *Matter of Nathaniel W.*, 24 AD3d 1240, 1241, *lv denied* 6 NY3d 711).  Finally, we have reviewed the father's remaining contention and conclude that it lacks merit.

Entered:  June 13, 2014                          Frances E. Cafarell
                                                 Clerk of the Court