Matter of Donald QQ. v Stephanie RR. (2021 NY Slip Op 05760)





Matter of Donald QQ. v Stephanie RR.


2021 NY Slip Op 05760


Decided on October 21, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:October 21, 2021

531747
[*1]In the Matter of Donald QQ., Petitioner,
v
Stephanie RR., Respondent. Clinton County Department of Social Services, Appellant.

Calendar Date:September 8, 2021

Before:Garry, P.J., Clark, Aarons, Reynolds Fitzgerald and Colangelo, JJ. 

Clinton County Department of Social Services, Plattsburgh (Jeffrey C. Kehm of counsel), for appellant.
Matthew E. Douthat, Plattsburgh, attorney for the child.



Aarons, J.
Appeal from an order of the Family Court of Clinton County (Lawliss, J.), entered July 28, 2020, which, in a proceeding pursuant to Family Ct Act article 6, directed Clinton County Department of Social Services to file a neglect petition against petitioner and respondent.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of a child (born in 2014). The father commenced this proceeding in March 2020 to modify a prior order of custody. After reviewing the father's petition, Family Court issued an order directing that, among other things, an investigation under Family Ct Act § 1034 be conducted. Prior to a hearing on the modification petition, the Clinton County Department of Social Services (hereinafter DSS) submitted reports of its investigation. In a July 2020 order, the court, sua sponte, directed DSS to commence a neglect proceeding against the father and the mother. DSS appeals.[FN1]
Neither DSS nor the attorney for the child disputes the ability of DSS to commence a neglect proceeding without leave of a court. They also do not dispute that Family Court, under Family Ct Act § 1034, may order DSS to conduct a child protective investigation and report its findings to the court. What is disputed is whether Family Court may order a child protective agency, such as DSS, to commence a neglect proceeding against a parent. We agree with DSS that Family Court lacks the authority to do so.
"Family Court is a court of limited jurisdiction that cannot exercise powers beyond those granted to it by statute" (Matter of Johna M.S. v Russell E.S., 10 NY3d 364, 366 [2008] [citation omitted]). The relevant statute provides that a proceeding under Family Ct Act article 10 may be "originate[d]" either by "a child protective agency" or "a person on the court's direction" (Family Ct Act § 1032 [a], [b]). In view of the express terms of the statute, Family Court has the authority to direct the commencement of a Family Ct Act article 10 proceeding. That authority, however, is limited to directing only a "person" to do so (Family Ct Act § 1032 [b]) — which DSS is not (see Matter of Tiffany A., 183 Misc 2d 391, 394-395 [Fam Ct, Queens County], affd 279 AD2d 522 [2001]). Indeed, "primary responsibility for initiating such proceedings has been assigned by the Legislature to child protective agencies which may file a petition whenever in their view court proceedings are warranted" (Matter of Weber v Stony Brook Hosp., 60 NY2d 208, 212 [1983], cert denied 464 US 1026 [1983]).[FN2]
In directing DSS to commence a neglect proceeding, Family Court relied on Matter of Gage II. (Rachel JJ.) (156 AD3d 1208 [2017]) and Matter of Johnson v Johnson (279 AD2d 814 [2001], lv denied 96 NY2d 715 [2001]). These decisions, however, are inapposite. Matter of Gage II. (Rachel JJ.) (supra) did not concern the issue presented in this appeal. Matter of Johnson v Johnson (279 AD2d at 817) was limited to "unique circumstances" — none of which [*2]exists here. To the extent that these decisions implicitly hold that Family Court may order a child protective agency to commence a proceeding under Family Ct Act article 10, they should no longer be followed for such proposition. Accordingly, in the absence of any express grant of authority by statute, Family Court erred in sua sponte directing DSS to commence a neglect proceeding against the father and the mother. Our determination herein renders DSS's remaining assertion academic.
Garry, P.J., Clark, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the order is reversed, on the law, without costs.



Footnotes

Footnote 1: The July 2020 order is not appealable as of right because Family Court did not determine a motion made on notice (see Family Ct Act § 1118; CPLR 5701 [a] [2]; Sholes v Meagher, 100 NY2d 333, 335 [2003]). Notwithstanding the foregoing, we treat DSS's notice of appeal as a motion for leave to appeal and exercise our discretion to grant it (see Family Ct Act § 1112 [a]).

Footnote 2: Furthermore, if circumstances necessitate that a court direct a "person" within the meaning of Family Ct Act § 1032 (b) to commence a Family Ct Act article 10 proceeding, a court should still be mindful that "judicial proceedings touching the family relationship should not be casually initiated" (Matter of Weber v Stony Brook Hosp., 60 NY2d at 212).