■ VILLAGE OF FAIRPORT, Respondent, v STEPHEN I. TEREMY, Appellant. [697 NYS2d 445] —Order and Judgment

unanimously reversed on the law without costs, motion granted, summons with notice dismissed and plaintiff directed, within 20 days of service of a copy of the order of this Court with notice of entry, to return the civil penalty paid with interest in accordance with the following Memorandum: Plaintiff, Village of Fairport (Village), commenced this action in Village of Fairport Justice Court, alleging that defendant erected a deck on his property without obtaining a building permit. The Village sought a civil penalty pursuant to Fairport Village Code § 43-6 (B). A jury found in favor of the Village and fined defendant $50 per day for each day of noncompliance, for a total fine of $5,200. Justice Court, in addition, ordered defendant to pay $50 per day from the date of the verdict until he obtained a permit. Defendant appealed, and County Court affirmed the judgment of Justice Court. That was error. In determining that defendant was in violation of the Fairport Village Code, the code enforcement officer conducted a warrantless search of defendant's property and thereby violated defendant's Fourth Amendment rights under the United States Constitution.

Warrantless administrative searches will be upheld where the premises sought to be inspected are "subject to a long tradition of pervasive government regulation and the regulatory statute authorizing the search prescribes specific rules to govern the manner in which the search is conducted" in order to " 'minimize the risk of arbitrary and/or abusive enforcement' " (*People v Quackenbush*, 88 NY2d 534, 541-542). The statute at issue here is Fairport Village Code § 43-13. Even assuming, arguendo, that residential building has been subject to a long tradition of pervasive government regulation through building codes, we conclude that the Fairport Village Code provides specific rules to curtail arbitrary or abusive enforcement only where a building permit has already been issued. The Village acknowledges that those specific rules (*see*, Fairport Village Code § 43-13 [B], [C]) do not apply to the facts of this case because defendant had not obtained a building permit. In any event, we note that, even if those rules were applicable to this case, it is undisputed that the code enforcement officer did not follow them. The motion to suppress should have been granted based on the code enforcement officer's entry without consent and without a warrant (*see*, CPLR 3103 [c]).

We therefore reverse the order and judgment, grant defendant's motion to suppress, dismiss the Village's summons with notice, and direct the Village, within 20 'days of service of a copy of the order of this Court with notice of entry, to return

the civil penalty paid by defendant, with interest at the statutory rate (*see*, CPLR 5002), commencing from the date the penalty was paid. (Appeal from Order of Monroe County Court, Connell, J.—Village Code.) Present—Pine, J. P., Hayes, Pigott, Jr., Scudder and Callahan, JJ.