In the Matter of BRENDAN S., an Infant. CHAUTAUQUA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CHARITY S., Appellant, et al., Respondent. (Appeal No. 1.) [834 NYS2d 602]—

Appeal from an order of the Family Court, Chautauqua County (Judith S. Claire, J.), entered June 20, 2006 in a proceeding pursuant to Social Services Law § 384-b. The order, insofar as appealed from, adjudged that the child is a permanently neglected child and terminated the parental rights of respondent Charity S.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: In each appeal, Charity S. (respondent) appeals from an order that terminated her parental rights with respect to each of her three children based upon a finding of permanent neglect and freed them for adoption. We reject respondent's contention that Family Court abused its discretion in refusing to enter a suspended judgment with respect to each

child (*see generally Matter of Jose R.*, 32 AD3d 1284, 1285 [2006], *lv denied* 7 NY3d 718 [2006]). The court's sole concern at the dispositional hearing was the best interests of the children (*see* Family Ct Act § 631; *Matter of Star Leslie W.*, 63 NY2d 136, 147 [1984]), and the record of that hearing establishes that respondent lacked space in her home to accommodate the children and that she had no stable employment (*see Matter of Brian C.*, 32 AD3d 1224 [2006], *lv denied* 7 NY3d 717 [2006]). The record further establishes that the minimal progress made by respondent in addressing her own personal issues was insufficient to establish that she was able to assist the children with their special needs. The court's determination that respondent was not likely to change sufficiently to enable her to parent the children is entitled to great deference (*see generally Matter of Nathaniel T.*, 67 NY2d 838, 842 [1986]; *Matter of Philip D.*, 266 AD2d 909 [1999]), and we thus conclude that "any progress that respondent made 'was not sufficient to warrant any further prolongation of the child[ren]'s unsettled familial status' " (*Jose R.*, 32 AD3d at 1285). Present—Scudder, P.J., Smith, Fahey, Peradotto and Pine, JJ.