# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**498**
**CAF 15-00225**
PRESENT: SMITH, J.P., CARNI, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.

---

IN THE MATTER OF JOSEPH M., JR.
--------------------------------------------
ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES,          MEMORANDUM AND ORDER
PETITIONER-RESPONDENT;

JOSEPH M., SR., RESPONDENT-APPELLANT.

---

WILLIAM D. BRODERICK, JR., ELMA, FOR RESPONDENT-APPELLANT.

ELISABETH M. COLUCCI, BUFFALO, FOR PETITIONER-RESPONDENT.

DAVID C. SCHOPP, ATTORNEY FOR THE CHILD, THE LEGAL AID BUREAU OF
BUFFALO, INC., BUFFALO (CHARLES D. HALVORSEN OF COUNSEL).

---

Appeal from an order of the Family Court, Erie County (Sharon M.
LoVallo, J.), entered January 6, 2015 in a proceeding pursuant to
Social Services Law § 384-b. The order, among other things,
terminated respondent's parental rights with respect to the subject
child.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Respondent father appeals from an order that, inter
alia, revoked a suspended judgment entered upon his admission that he
had permanently neglected the subject child, and terminated the
father's parental rights. It is well settled that, where Family Court
"determines by a preponderance of the evidence that there has been
noncompliance with any of the terms of the suspended judgment, the
court may revoke the suspended judgment and terminate parental rights"
(*Matter of Ronald O.*, 43 AD3d 1351, 1352). Here, although the record
from the hearing on petitioner's motion to revoke the suspended
judgment establishes that the father made minimal progress on some of
the conditions of the suspended judgment, " 'literal compliance with
the terms of the suspended judgment will not suffice to prevent a
finding of a violation. A parent must [also] show that progress has
been made to overcome the specific problems which led to the removal
of the child[ ]' " (*Matter of Maykayla FF. [Eugene FF.]*, 141 AD3d 898,
899; *see Matter of Erie County Dept. of Social Servs. v Anthony P.*, 45
AD3d 1384, 1385). Contrary to the father's contention, the record
establishes that he failed to demonstrate such progress, and that he
continues to deny the existence of the problems that led to the
removal of the subject child. Consequently, we agree with petitioner
that the court's "finding after a hearing that [the father] violated

the conditions of the suspended judgment is supported by a preponderance of the evidence" (*Matter of Robert T.*, 270 AD2d 961, 961, *lv denied* 95 NY2d 758; *see Matter of Krystal M. [Kathleen M.-M.]*, 4 AD3d 764, 764).  The father's further contention that the court prematurely revoked the suspended judgment is without merit (*see Matter of Emily A. [Gina A.]*, 129 AD3d 1473, 1474-1475).

We reject the father's contention that he was denied the right to due process when the court curtailed his cross-examination of a witness at the hearing.  The cross-examination that the father's attorney was attempting to pursue "was properly excluded as 'too remote and speculative' " (*Matter of Michael U. [Marcus U.]*, 110 AD3d 821, 822; *see Matter of Mi-Kell V.*, 226 AD2d 810, 810-811; *see also People v Poole*, 55 AD3d 1349, 1350, *lv denied* 11 NY3d 929).

The father further contends that certain records were not properly admitted because they were not certified pursuant to section 1046 (a) (iv) of the Family Court Act.  The father waived that contention with respect to two of petitioner's exhibits because he specifically withdrew his objection to the validity of the certification regarding those exhibits (*see generally Matter of Dyandria D.*, 22 AD3d 354, 354-355, *lv denied* 6 NY3d 704).  In any event, the father's contention is without merit with respect to all of the records at issue.  Section 1046 (a) by its terms applies "[i]n any hearing under [articles 10 and 10-A]" of the Family Court Act, but the hearing at issue was part of a permanent neglect proceeding pursuant to article six of the Family Court Act and Social Services Law § 384-b.

We reject the father's further contention that the court erred in granting petitioner access to his mental health records.  It is well settled that "a party's mental health records are subject to discovery where that party has placed his or her mental health at issue" (*Matter of Richard SS.*, 29 AD3d 1118, 1124).  Here, by denying that he needed to comply with that part of the suspended judgment directing him to undergo mental health treatment, the father placed his mental health at issue.

Entered:  May 5, 2017                          Frances E. Cafarell
                                               Clerk of the Court