Matter of Lyndon S. (Hillary S.) (2018 NY Slip Op 05096)





Matter of Lyndon S. (Hillary S.)


2018 NY Slip Op 05096


Decided on July 6, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 6, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, NEMOYER, CURRAN, AND WINSLOW, JJ.


714 CAF 16-01131

[*1]IN THE MATTER OF LYNDON S. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; HILLARY S., RESPONDENT-APPELLANT.






WILLIAM D. BRODERICK, JR., ELMA, FOR RESPONDENT-APPELLANT. 
JAMES E. BROWN, BUFFALO, FOR PETITIONER-RESPONDENT.
DAVID C. SCHOPP, THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (CHARLES D. HALVORSEN OF COUNSEL), ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Erie County (Margaret O. Szczur, J.), entered June 14, 2016 in a proceeding pursuant to Family Court Act article 10. The order, among other things, adjudged that respondent had neglected the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Respondent mother appeals from an order that, inter alia, adjudged that she neglected the subject child. We reject the mother's contention that Family Court erred in granting petitioner access to her mental health records. It is well settled that "a party's mental health records are subject to discovery where that party has placed his or her mental health at issue" (Matter of Richard SS., 29 AD3d 1118, 1124 [3d Dept 2006]; see Matter of Joseph M., Jr. [Joseph M., Sr.], 150 AD3d 1647, 1649 [4th Dept 2017], lv denied 29 NY3d 917 [2017]; see generally Ace v State of New York, 207 AD2d 813, 814 [2d Dept 1994], affd 87 NY2d 993 [1996]). The evidence in the record establishes that the mother had refused to authorize disclosure of the mental health records, which made it impossible to assess whether she was compliant with her prescribed mental health treatment. Indeed, the paramount issue in this case was the mother's mental health and its alleged impact upon the subject child which required an assessment of the mother's mental health. Thus, we conclude that the court properly disclosed the records (see Joseph M., Jr., 150 AD3d at 1649).
We agree with the mother that records from Erie County Medical Center and Horizon Health Services, Inc. were improperly admitted in evidence inasmuch as the respective records were certified by "someone other than the head of the hospital or agency" and were not "accompanied by a photocopy of a signed delegation of authority signed by both the head of the hospital or agency and by such other employee" (Family Ct Act § 1046 [a] [iv]). We conclude that the error is harmless, however, because, even if those records are excluded from consideration, the finding of neglect is nonetheless supported by a preponderance of the credible evidence (see generally Matter of Kadyn J. [Kelly M.H.], 109 AD3d 1158, 1159 [4th Dept 2013]; Matter of John QQ., 19 AD3d 754, 755-756 [3d Dept 2005]).
" A respondent's mental condition may form the basis of a finding of neglect if it is shown by a preponderance of the evidence that his or her condition resulted in imminent danger to the
child[ ]' " (Matter of Jayvien E. [Marisol T.], 70 AD3d 430, 435-436 [1st Dept 2010]; see Matter of Jesse DD., 223 AD2d 929, 930-931 [3d Dept 1996], lv denied 88 NY2d 803 [1996]). An "imminent danger" to the child may result from a respondent's "long-standing history of [*2]mental illness and noncompliance with treatment" (Matter of Alexis H. [Jennifer T.], 90 AD3d 1679, 1680 [4th Dept 2011], lv denied 18 NY3d 810 [2012]; see Jesse DD., 223 AD2d at 931-932). " [P]roof of mental illness alone will not support a finding of neglect . . . The evidence must establish a causal connection between the parent's condition, and actual or potential harm to the child[ ]' " (Matter of Jesus M. [Jamie M.], 118 AD3d 1436, 1437 [4th Dept 2014], lv denied 24 NY3d 904 [2014]; see Matter of Sean P. [Brandy P.], 156 AD3d 1339, 1340 [4th Dept 2017], lv denied 31 NY3d 903 [2018]). The court, "which saw and heard the witnesses, is in the best position to assess credibility," and thus its determinations with respect thereto should not be disturbed if they are supported by the record (Matter of Kai B., 38 AD3d 882, 883 [2d Dept 2007]).
Here, multiple witnesses testified that the mother had not been taking her medications as prescribed, and the mother testified that she had experienced at least two nervous breakdowns and contracted "brain fever" from the spread of a sexually transmitted disease, which resulted in epilepsy-type symptoms. The mother further testified that, at different times, she had been prescribed Risperdal, Limbitrol, Xanax, and Klonopin, some of which she declined to take upon self-determining that she no longer needed them, and that she had not seen any of her mental health providers in more than six months. The court also heard testimony about the mother's troubling behaviors, including her tendency to disassociate and become non-communicative for days at a time and her habit of staring off into space for significant periods of time. The incident that gave rise to the investigation, which involved the mother pounding on the floors of her apartment with a hammer because she thought that the child could hear the downstairs neighbors saying inappropriate things, scared the child to such a degree that he hid inside a cat crate with a blanket over it so that he could not be seen. We conclude that the evidence is sufficient to establish a causal connection between the mother's failure to treat her mental illness and actual or potential harm to the child (see Jesus M., 118 AD3d at 1437).
We have considered the mother's remaining contentions and conclude that they are without merit.
Entered: July 6, 2018
Mark W. Bennett
Clerk of the Court