Matter of Jeremiah RR. (Bonnie RR.) (2021 NY Slip Op 01531)





Matter of Jeremiah RR. (Bonnie RR.)


2021 NY Slip Op 01531


Decided on March 18, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 18, 2021

526739

[*1]In the Matter of Jeremiah RR., a Permanently Neglected Child. Broome County Department of Social Services, Respondent; Bonnie RR., Appellant.

Calendar Date: February 8, 2021

Before: Egan Jr., J.P., Clark, Aarons, Pritzker and Colangelo, JJ.


Michelle I. Rosien, Philmont, for appellant.
Broome County Department of Social Services, Binghamton (Brianna Strope Vaughan of counsel), for respondent.
Pamela B. Bleiwas, Ithaca, for Mary TT.
Larisa Obolensky, Delhi, attorney for the child.



Colangelo, J.
Appeal from an order of the Family Court of Broome County (Keene, J.), entered June 12, 2017, which, in a proceeding pursuant to Social Services Law § 384-b, granted petitioner's motion to revoke a suspended judgment, and terminated respondent's parental rights.
Respondent is the mother of a child (born in 2005) who, after being removed from her home in January 2012, was placed with his maternal grandmother in March of that year. In December 2012, respondent was adjudicated to have neglected the child and a dispositional order was entered in March 2013, which continued the child's placement with petitioner and directed respondent to obtain necessary services. A permanent neglect petition was filed against respondent on December 18, 2014. On March 13, 2015, respondent consented to an adjudication of permanent neglect with the disposition of a suspended judgment for a period of 12 months. In December 2015, petitioner filed an order to show cause seeking to revoke the suspended judgment based on respondent's noncompliance with its terms. At the conclusion of a fact-finding hearing, Family Court determined that respondent failed to comply with the terms of the suspended judgment and it revoked the suspended judgment. Following a best interests hearing, the court terminated respondent's parental rights. Respondent appeals.
"A suspended judgment provides a parent who has been found to have permanently neglected his or her child with a brief opportunity to become a fit parent with whom the child can be safely reunited" (Matter of Max HH. [Kara FF.], 170 AD3d 1456, 1457 [2019] [citations omitted]; see Matter of Jasnia Y. [Alease Y.], 162 AD3d 1148, 1148-1149 [2018], lv denied 32 NY3d 901 [2018]; Matter of Jerhia EE. [Benjamin EE.], 157 AD3d 1017, 1018 [2018]). "This opportunity is limited in time during which the parent 'must comply with terms and conditions meant to ameliorate the difficulty' which led to the suspended judgment" (Matter of Alexsander N. [Lena N.], 146 AD3d 1047, 1048 [2017], lv denied 29 NY3d 903 [2017], quoting Matter of Michael B., 80 NY2d 299, 311 [1992]). "Where a parent's noncompliance with the terms and conditions of the suspended judgment is established by a preponderance of the evidence, Family Court may revoke the suspended judgment and, if in the child's best interests, terminate that party's parental rights" (Matter of Max HH. [Kara FF.], 170 AD3d at 1458 [citations omitted]; see Matter of Jasnia Y. [Alease Y.], 162 AD3d at 1149; Matter of Jerhia EE. [Benjamin EE.], 157 AD3d at 1018; Matter of Dominique VV. [Kelly VV.], 145 AD3d 1124, 1125 [2016], lv denied 29 NY3d 901 [2017]). "While a parent's failure to comply with the terms and conditions of the suspended judgment does not mandate that his or her parental rights be terminated, such noncompliance constitutes strong evidence that termination is, in fact, in the best interests of the child[]" (Matter of Brandon N. [Joseph O.], 165 AD3d 1520, 1522 [2018] [internal [*2]quotations marks and citations omitted]; see Matter of Madelyn D. [Direll D.], 112 AD3d 1165, 1166 [2013]; Matter of Clifton ZZ. [Latrice ZZ.], 75 AD3d 683, 685 [2010]). Great deference is accorded to Family Court's factual findings, and they will not be disturbed if supported by a sound and substantial basis in the record (see Matter of Bayley W. [Patrick K.], 146 AD3d 1097, 1099-1100 [2017], lv denied 29 NY3d 907 [2017]; Matter of Marquise JJ. [Brithany JJ.],103 AD3d 937, 938-939 [2013], lv denied 21 NY3d 859 [2013]).
Under the terms of the suspended judgment, respondent was required to, among other things, actively and honestly cooperate with petitioner, its caseworkers and third-party service providers, furnish petitioner with requested releases and authorizations, actively participate in mental health treatment at Tioga County Mental Health or another provider acceptable to petitioner and follow recommendations for counseling and medication. She was also required to keep petitioner and Family Court apprised of a current address and telephone number and to cooperate with Bridges to Health, a program for children in foster care with mental health issues that provides mental health services.
The evidence at the fact-finding hearing demonstrated that, during the nine months preceding the filing of the order to show cause, respondent failed to comply with the conditions of her suspended judgment. Testimony from the Child Protective Services supervisor revealed that respondent failed to adequately address her mental health issues, refused to sign releases to allow petitioner to obtain evaluations from Tioga County Mental Health and refused to take recommended medication. In further violation of the suspended judgment, respondent refused to cooperate with Bridges to Health for several months and, when she did begin to work with the program, she was rude and disrespectful. Respondent eventually stopped working with Bridges to Health and refused to sign an authorization allowing the child to continue in the program and refused to authorize medication that was recommended for the child. The testimony further revealed that respondent's behavior during the weekly one-hour supervised visits with the child was problematic and often caused the visits to end early. Respondent, among other things, spoke to the child inappropriately about Family Court proceedings, spoke negatively about the child's family, interrogated him and told him that he did not need medication. The testimony revealed that respondent's behavior was very upsetting to the child, and he reacted by telling respondent to "shut up" or to "stop the negative talk"; he even asked for a roll of tape to tape respondent's mouth shut. At times, the child walked out of the visits. Despite the efforts of petitioner's staff to discuss appropriate behavior and improve the visits, respondent was uncooperative. The evidence further established that respondent failed to keep petitioner apprised [*3]of her address and phone number. "As the record was replete with evidence of respondent's noncompliance with the various terms and conditions imposed upon her, Family Court properly concluded that respondent had violated the suspended judgment" (Matter of Max HH. [Kara FF.], 170 AD3d at 1458 [citations omitted]).
As to disposition, testimony from petitioner's caseworkers established that the child was flourishing in the care of his grandmother, who desired to adopt him, and he was closely bonded with her. The child had been living in the grandmother's home for nearly five years at the time of the commencement of the best interests hearing. The evidence demonstrated that the child was engaging well in his mental health counseling, doing well in school and participating in various team sports. In contrast, the child had not seen respondent for 10 months prior to the hearing. Respondent, who failed to complete mental health counseling and was homeless for a period of time, offered no testimony or evidence that she had taken any steps or made any meaningful progress to address the concerns that led to the child's removal or improve her situation so that the child could be returned to her. Under these circumstances, we find a sound and substantial basis in the record to support the determination that revocation of the suspended judgment and termination of respondent's parental rights was in the child's best interests (see Matter of Joseph QQ. [Karissa RR.], 161 AD3d 1252, 1252-1253 [2018], lv denied 31 NY3d 912 [2018]; Matter of Jerhia EE. [Benjamin EE.], 157 AD3d at 1019).
Finally, in upholding Family Court's determination, we have examined respondent's evidentiary challenges and found them to be lacking in merit.
Egan Jr., J.P., Clark, Aarons and Pritzker, JJ., concur.
ORDERED that the order is affirmed, without costs.