Matter of Jerimiah H. (Kiarra M.) (2023 NY Slip Op 00762)

Matter of Jerimiah H. (Kiarra M.)

2023 NY Slip Op 00762

Decided on February 10, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 10, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, MONTOUR, AND OGDEN, JJ.

57 CAF 20-01207

[*1]IN THE MATTER OF JERIMIAH H. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; KIARRA M., RESPONDENT-APPELLANT.

CHARLES J. GREENBERG, AMHERST, FOR RESPONDENT-APPELLANT.
REBECCA HOFFMAN, BUFFALO, FOR PETITIONER-RESPONDENT. 
ANTHONY CHABALA, BUFFALO, ATTORNEY FOR THE CHILD.

 Appeal from an order of the Family Court, Erie County (Lisa Bloch Rodwin, J.), entered August 26, 2020 in a proceeding pursuant to Social Services Law § 384-b. The order, among other things, terminated respondent's parental rights with respect to the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Social Services Law
§ 384-b, petitioner moved to revoke a suspended judgment entered upon, inter alia, the admission of respondent mother that she had permanently neglected the subject child. Respondent mother appeals from an order by which Family Court, inter alia, granted petitioner's motion with respect to the subject child and terminated the mother's parental rights with respect to that child. We affirm.
It is well settled that, "[w]here petitioner establishes by a preponderance of the evidence that there has been noncompliance with any of the terms of the suspended judgment, the court may revoke the suspended judgment and terminate parental rights" (Matter of Ramel H. [Tenese T.], 134 AD3d 1590, 1592 [4th Dept 2015] [internal quotation marks omitted]; see Family Ct Act § 633 [f]; Matter of Ronald O., 43 AD3d 1351, 1352 [4th Dept 2007]). "[L]iteral compliance with the terms of the suspended judgment will not suffice to prevent a finding of a violation. A parent must [also] show that progress has been made to overcome the specific problems which led to the removal of the child[ ]" (Matter of Joseph M., Jr. [Joseph M., Sr.], 150 AD3d 1647, 1648 [4th Dept 2017], lv denied 29 NY3d 917 [2017] [internal quotation marks omitted]; see Matter of Maykayla FF. [Eugene FF.], 141 AD3d 898, 899 [3d Dept 2016]). Further, "a hearing on a [motion] alleging that the terms of a suspended judgment have been violated is part of the dispositional phase of the permanent neglect proceeding, and . . . the disposition shall be based on the best interests of the child" (Matter of Jenna D. [Paula D.], 165 AD3d 1617, 1619 [4th Dept 2018], lv denied 32 NY3d 912 [2019] [internal quotation marks omitted]). Contrary to the mother's contention, the record establishes that she failed to verify her income, failed to sign necessary consent forms for the child, and missed several scheduled visits. Again, the failure to comply with "any of the terms of the suspended judgment" permits the court to revoke the suspended judgment (Joseph M., Jr., 150 AD3d at 1648 [emphasis added]).
Finally, a preponderance of the evidence supports the court's determination that it was in the child's best interests to terminate the mother's parental rights (see Jenna D., 165 AD3d at 1619; Matter of Mikel B. [Carlos B.], 115 AD3d 1348, 1349 [4th Dept 2014]). "Although [the mother's] breach of the express conditions of the suspended judgment does not compel the termination of [her] parental rights, [it] is strong evidence that termination is, in fact, in the best [*2]interests of the child[ ]" (Jenna D., 165 AD3d at 1619 [internal quotation marks omitted]; see Matter of Michael HH. [Michael II.], 124 AD3d 944, 945-946 [3d Dept 2015]). Here, "any progress that [the mother] made was not sufficient to warrant any further prolongation of the child['s] unsettled familial status" (Matter of Brendan S., 39 AD3d 1189, 1190 [4th Dept 2007] [internal quotation marks omitted]).
Entered: February 10, 2023
Ann Dillon Flynn
Clerk of the Court