Matter of Elaysia GG. (Amber HH.) (2023 NY Slip Op 06021)

Matter of Elaysia GG. (Amber HH.)

2023 NY Slip Op 06021

Decided on November 22, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 22, 2023

CV-22-2090
[*1]In the Matter of Elaysia GG., a Permanently Neglected Child. Chenango County Department of Social Services, Respondent; Amber HH., Appellant, et al., Respondent.

Calendar Date:October 17, 2023

Before:Garry, P.J., Lynch, Reynolds Fitzgerald, Fisher and Powers, JJ.

Lisa K. Miller, McGraw, for appellant.
Chenango County Department of Social Services, Norwich (Jennifer E. Mason of counsel), for Chenango County Department of Social Services, respondent.
Chenango County Children's Law Office, Norwich (Lisa A. Natoli of counsel), attorney for the child.

Fisher, J.
Appeal from an order of the Family Court of Chenango County (Frank B. Revoir Jr., J.), entered October 20, 2022, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to revoke a suspended judgment, and terminated respondents' parental rights.
Respondent Amber HH. (hereinafter the mother) and respondent Andrew GG. (hereinafter the father) are the parents of a child (born in 2018). Upon the parents' consent, the child was removed and placed in the custody of petitioner in July 2019. Ultimately, in April 2021, the parents consented to an adjudication of permanent neglect with a disposition of a suspended judgment for a period of 12 months. In March 2022, petitioner sought revocation of the suspended judgment based on the parents' noncompliance with its terms and conditions. Although the mother appeared telephonically with counsel for the initial appearance, she did not appear for the next settlement conference, but had previously communicated with her attorney that she sought return of the child to her. At the October 2022 fact-finding hearing, the mother failed to appear, Family Court found the mother in default and then proceeded with the hearing — without an objection or request for an adjournment by the mother's attorney. At the conclusion of the fact-finding hearing, Family Court, among other things, determined that the mother failed to comply with the terms of the suspended judgment, revoked the suspended judgment and terminated her parental rights. The mother appeals.
Initially, contrary to the contention by petitioner and the attorney for the child, the October 2022 order was not entered on default against the mother and she was free to appeal from it (see Matter of Amanda I. v Michael I., 185 AD3d 1252, 1253-1254 [3d Dept 2020]). After offering Family Court a thin explanation for the mother's nonappearance and whereabouts, the mother's attorney confirmed that he had made numerous attempts to contact her and had heard from her since the initial appearance and the settlement conference (see Matter of Jerry VV. v Jessica WW., 186 AD3d 1799, 1800 [3d Dept 2020]; Matter of Linger v Linger, 150 AD3d 1444, 1445 [3d Dept 2017]). Although the mother had questionable attendance since the child had been removed, she had previously appeared several times during the neglect proceeding, attended the initial appearance on the petition to revoke the suspended judgment and, even though she missed the next settlement conference, she later communicated to her attorney that the terms of petitioner's offer for a conditional surrender were "insufficient" (see Matter of Patrick UU. v Frances VV., 200 AD3d 1156, 1158 [3d Dept 2021]).Despite the fact that the mother's attorney did not seek an adjournment or object to Family Court's sua sponte finding of default against the mother, the attorney actively participated in the hearing by stipulating certain exhibits into evidence, interposing a successful objection, effectively [*2]cross-examining the only witness and by delivering a cognizant closing statement seeking return of the child to the mother. Based on the foregoing, we conclude that the order was not entered on default against the mother and is appealable (see Matter of Amanda I. v Michael I., 185 AD3d at 1253-1254; see also Matter of Jerry VV. v Jessica WW., 186 AD3d at 1800; Matter of Leighann W. v Thomas X., 141 AD3d 876, 877 [3d Dept 2016]; compare Matter of Myasia QQ. [Mahalia QQ.], 133 AD3d 1055, 1056 [3d Dept 2015]).
Turning to the merits, we find no basis upon which to disturb Family Court's determination to revoke the suspended judgment and to terminate the mother's parental rights. "A suspended judgment provides a parent who has been found to have permanently neglected his or her child with a brief opportunity to become a fit parent with whom the child can be safely reunited" (Matter of Jeremiah RR. [Bonnie RR.], 192 AD3d 1338, 1339 [3d Dept 2021] [internal quotation marks and citations omitted], lv denied 37 NY3d 905 [2021]). During this opportunity, "the parent must comply with terms and conditions meant to ameliorate the difficulty that led to the suspended judgment" (Matter of Brandon N. [Joseph O.], 165 AD3d 1520, 1522 [3d Dept 2018] [internal quotation marks and citation omitted]). However, literal compliance with such terms and conditions is not enough to prevent a finding of a violation, as "[a] parent must also show that progress has been made to overcome the specific problems which led to the removal of the child[ ]" (Matter of Nahlaya MM. [Zaianna LL.], 193 AD3d 1294, 1296 [3d Dept 2021] [internal quotation marks, brackets and citations omitted], lvs denied 37 NY3d 905 [2021], 37 NY3d 905 [2021]). "Where a parent's noncompliance with the terms and conditions of the suspended judgment is established by a preponderance of the evidence, Family Court may revoke the suspended judgment and, if in the child's best interests, terminate parental rights" (Matter of Max HH. [Kara FF.], 170 AD3d 1456, 1458 [3d Dept 2019] [citations omitted]). "Great deference is accorded to Family Court's factual findings, and they will not be disturbed if supported by a sound and substantial basis in the record" (Matter of Jeremiah RR. [Bonnie RR.], 192 AD3d at 1340 [citations omitted]).
The evidence at the fact-finding hearing demonstrated that the mother had failed to comply with most, if not all, of the terms and conditions of her suspended judgment. Specifically, testimony from petitioner's witness, a foster care supervisor, established that the mother had failed to complete outpatient services, obtain suitable housing, keep petitioner informed as to where she was residing or obtain sufficient employment. This was corroborated by certain documentary evidence, wherein the mother reported that she was unemployed and was not looking for work. Additionally, the supervisor testified that the mother had failed to complete the required parenting classes and mental health [*3]evaluations and had only minimal, sporadic visitation with several cancellations and no efforts to reschedule them — including both in-person and virtual visits. On cross-examination by the mother's attorney, the supervisor acknowledged that her testimony was limited to what she learned from conferences with the caseworkers and the case record.[FN1] Given the overwhelming evidence in the record demonstrating the mother's noncompliance with the various terms and conditions imposed upon her by the suspended judgment, Family Court properly concluded that the mother had violated the suspended judgment and revoked same (see Matter of Max HH. [Kara FF.], 170 AD3d at 1458; Matter of Brandon N. [Joseph O.], 165 AD3d at 1523).
Contrary to the mother's contention, a separate dispositional hearing was not required before revoking a suspended judgment and terminating her parental rights where the record demonstrates that it was in the child's best interests (see Family Ct. Act § 633 [f]; Matter of Marish G. [Maria E.G.], 215 AD3d 966, 967 [2d Dept 2023]; Matter of Jerimiah H. [Kiarra M.], 213 AD3d 1298, 1299 [4th Dept 2023], lv denied 39 NY3d 913 [2023]; Matter of Nahlaya MM. [Zaianna LL.], 193 AD3d at 1298; compare Matter of Harmony F. [William F.], 212 AD3d 1028, 1033 [3d Dept 2023]). To that end, although "a parent's failure to comply with the [terms and] conditions of a suspended judgment does not automatically compel termination of parental rights, that noncompliance constitutes strong evidence that termination is, in fact, in the best interests of the child" (Matter of Maykayla FF. [Eugene FF.], 141 AD3d 898, 900 [3d Dept 2016] [internal quotation marks and citations omitted]). Indeed, Family Court heard testimony from the supervisor regarding the mother's noncompliance with the terms and conditions of the suspended judgment that directly impacted the child, including her failure to attend the recommended parenting classes or any of the service planning meetings. Even though the court heard testimony that the mother — when she did attend visitation — had "a lot of affection" for the child, the court also heard testimony that the child had been with a pre-adoptive family since just before the child's first birthday, is doing "exceptionally well" in that home and has "definitely" bonded with the family. Additionally, the supervisor testified that, although the child had some initial delays in socialization and behavior, the child has "progressed remarkably well" with the pre-adoptive family. As highlighted by the appellate attorney for the child, who supports Family Court's determination, the court was "intimately familiar" with the parties and the child, including the child's relationship with the foster family since the child's removal. Considering this evidence and the prior admissions made by the mother in obtaining the suspended judgment on consent, we decline to disturb Family Court's determination that termination of the mother's parental rights was in [*4]the best interests of the child (see Matter of Brandon N. [Joseph O.], 165 AD3d at 1523-1524; Matter of Maykayla FF. [Eugene FF.], 141 AD3d at 901; Matter of Jason H. [Lisa K.], 118 AD3d 1066, 1068 [3d Dept 2014]). We have examined the remaining contentions of the parties and have found them to be without merit or rendered academic.
Garry, P.J., Lynch, Reynolds Fitzgerald and Powers, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: Since there was no objection to the supervisor's testimony during the hearing and certain exhibits were stipulated into evidence, the mother's hearsay argument, which is being raised for the first time on appeal, is unpreserved for our review (see Matter of Britiny U. [Tara S.], 124 AD3d 964, 965 [3d Dept 2015]; see also Matter of Adorno v Vaillant, 177 AD3d 1275, 1276 [4th Dept 2019]).