Matter of Amelia D. (Shawn D.) (2023 NY Slip Op 06695)

Matter of Amelia D. (Shawn D.)

2023 NY Slip Op 06695

Decided on December 22, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, BANNISTER, GREENWOOD, AND DELCONTE, JJ.

1016 CAF 22-00306

[*1]IN THE MATTER OF AMELIA D. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES; PETITIONER-RESPONDENT; SHAWN D., RESPONDENT-APPELLANT.

CHARLES J. GREENBERG, AMHERST, FOR RESPONDENT-APPELLANT.
BENJAMIN E. MANNION, BUFFALO, FOR PETITIONER-RESPONDENT.
PETER P. VASILION, WILLIAMSVILLE, ATTORNEY FOR THE CHILD.

 Appeal from an order of the Family Court, Erie County (Kelly A. Brinkworth, J.), entered February 24, 2022, in a proceeding pursuant to Social Services Law § 384-b. The order, inter alia, terminated the parental rights of respondent with respect to the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Social Services Law 384-b, respondent father appeals from an order that revoked a suspended judgment that had previously been entered against him and terminated his parental rights with respect to the subject child. The order was entered following an evidentiary hearing at which petitioner established that the father failed to comply with various terms and conditions of the suspended judgment.
Although the father concedes that he failed to comply with the suspended judgment, which had been in effect for six months, he contends that, instead of terminating his parental rights, Family Court should have extended the suspended judgment and afforded him another opportunity to comply with its terms. We reject that contention. The evidence at the hearing established that the father violated the suspended judgment by, among other things, missing the vast majority of scheduled visits with the child, failing to attend appointments for substance abuse treatment and being unsuccessfully discharged from the treatment program, failing to obtain a mental health evaluation despite a history of mental illness, attending only 2 out of 27 classes for domestic violence prevention, failing to complete a parent training program, failing to maintain stable housing, and failing to provide evidence of stable income. The evidence also established that the father was homeless at times during the period of the suspended judgment and was incarcerated twice. In fact, the father was in jail at the time of the hearing. Under the circumstances, we conclude that the court's determination that it is in the child's best interests to terminate the father's parental rights is supported by a preponderance of the evidence (see Matter of Jerimiah H. [Kiarra M.], 213 AD3d 1298, 1299 [4th Dept 2023], lv denied 39 NY3d 913 [2023]; see generally Matter of Malachi S. [Michael W.], 195 AD3d 1445, 1447 [4th Dept 2021], lv denied 37 NY3d 1081 [2021]).
Entered: December 22, 2023
Ann Dillon Flynn
Clerk of the Court