Matter of Zackery S. (Christa P.) (2024 NY Slip Op 00695)

Matter of Zackery S. (Christa P.)

2024 NY Slip Op 00695

Decided on February 9, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 9, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, NOWAK, DELCONTE, AND KEANE, JJ.

25 CAF 22-01405

[*1]IN THE MATTER OF ZACKERY S. AND DANYAL S. YATES COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; CHRISTA P., RESPONDENT-APPELLANT.

D.J. & J.A. CIRANDO, PLLC, SYRACUSE (REBECCA L. KONST OF COUNSEL), FOR RESPONDENT-APPELLANT.
RUTH A. CHAFFEE, PENN YAN, FOR PETITIONER-RESPONDENT. 
SUSAN E. GRAY, CANANDAIGUA, ATTORNEY FOR THE CHILDREN.

 Appeal from an order of the Family Court, Yates County (Joseph G. Nesser, A.J.), entered July 12, 2022, in a proceeding pursuant to Social Services Law § 384-b. The order, inter alia, terminated the parental rights of respondent with respect to the subject children. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Social Services Law § 384-b, respondent mother appeals from an order that, inter alia, revoked a suspended judgment entered upon her admission that she had permanently neglected the subject children and terminated her parental rights. We affirm.
It is well settled that, "[w]here petitioner establishes by a preponderance of the evidence that there has been noncompliance with any of the terms of the suspended judgment, the court may revoke the suspended judgment and terminate parental rights" (Matter of Ramel H. [Tenese T.], 134 AD3d 1590, 1592 [4th Dept 2015] [internal quotation marks omitted & emphasis added]; see Family Ct Act § 633 [f]; Matter of Ronald O., 43 AD3d 1351, 1352 [4th Dept 2007]). Contrary to the mother's contention, the record establishes that she violated the terms of the suspended judgment by failing to arrange for the children's transportation to the New Year's Day home visit in 2022, failing to confirm every scheduled visit 24 hours in advance when required to do so, and missing scheduled appointments or home visits with the caseworker.
Finally, a preponderance of the evidence supports that it was in the children's best interests to terminate the mother's parental rights (see Matter of Jenna D. [Paula D.], 165 AD3d 1617, 1619 [4th Dept 2018], lv denied 32 NY3d 912 [2019]; Matter of Mikel B. [Carlos B.], 115 AD3d 1348, 1349 [4th Dept 2014]). "Although [the mother's] breach of the express conditions of the suspended judgment does not compel termination of [her] parental rights, [it] is strong evidence that termination is, in fact, in the best interests of the child[ren]" (Matter of Jerimiah H. [Kiarra M.], 213 AD3d 1298, 1299 [4th Dept 2023], lv denied 39 NY3d 913 [2023] [internal quotation marks omitted]). Here, we conclude that "any progress that [the mother] made was not sufficient to warrant any further prolongation of the child[ren]'s unsettled familial status" (Matter of Brendan S., 39 AD3d 1189, 1190 [4th Dept 2007] [internal quotation marks omitted]).
Entered: February 9, 2024
Ann Dillon Flynn
Clerk of the Court