Matter of Aerielle M. v Erie County Dept. of Social Servs. (2025 NY Slip Op 00754)

Matter of Aerielle M. v Erie County Dept. of Social Servs.

2025 NY Slip Op 00754

Decided on February 7, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 7, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: BANNISTER, J.P., SMITH, OGDEN, NOWAK, AND HANNAH, JJ.

77 CAF 23-00784

[*1]IN THE MATTER OF AERIELLE M. -
v
ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; ASHALEY C., RESPONDENT-APPELLANT. (APPEAL NO. 1.) 

CHARLES J. GREENBERG, AMHERST, FOR RESPONDENT-APPELLANT.
TABITHA R. SALONEN, BUFFALO, FOR PETITIONER-RESPONDENT. 
DAVID C. SCHOPP, THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROXANNA Q. HERREID OF COUNSEL), ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Erie County (Sharon M. LoVallo, J.), entered April 19, 2023, in a proceeding pursuant to Social Services Law § 384-b. The order, inter alia, terminated the parental rights of respondent with respect to the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed.
Memorandum: In these proceedings pursuant to Social Services Law § 384-b, respondent mother appeals, in appeal Nos. 1 and 2, from respective orders that, among other things, revoked suspended judgments that had previously been entered against her and terminated her parental rights with respect to the subject children. We affirm.
It is well settled that, "[w]here petitioner establishes by a preponderance of the evidence that there has been noncompliance with any of the terms of [a] suspended judgment, [Family Court] may revoke the suspended judgment and terminate parental rights" (Matter of Zackery S. [Christa P.], 224 AD3d 1336, 1336-1337 [4th Dept 2024], lv denied 41 NY3d 909 [2024] [internal quotation marks omitted]; see Family Ct Act § 633 [f]; Matter of Ramel H. [Tenese T.], 134 AD3d 1590, 1592 [4th Dept 2015]). Here, the record establishes that the mother violated the terms of the suspended judgment by, among other things, failing to provide proof of income as required, failing to attend the children's medical appointments, and failing to attend supervised visits. While the mother disputed many of those facts at trial, we note that "[t]he court is in a unique position to observe the witnesses and determine their credibility and its determinations are entitled to great deference where . . . those determinations are supported by the record" (Matter of D'Angel M.-B. [Donell M.-B.], 173 AD3d 1764, 1765 [4th Dept 2019], lv denied 34 NY3d 911 [2020]).
Contrary to the mother's contention in both appeals, we conclude that the court's determination that the mother violated the terms of the suspended judgments is supported by a sound and substantial basis in the record, and we do not perceive any reason to disturb the court's credibility determinations (see Matter of Tyasia T.S. [Ruthanne J.], 214 AD3d 1342, 1343 [4th Dept 2023], lv denied 40 NY3d 910 [2024]). Furthermore, a preponderance of the evidence supports the court's determination that it was in the children's best interests to terminate the mother's parental rights (see Zackery S., 224 AD3d at 1337) and that "any progress that [the mother] made was not sufficient to warrant any further prolongation of the child[ren]'s unsettled familial status" (Matter of Brendan S., 39 AD3d 1189, 1190 [4th Dept 2007] [internal quotation marks omitted]).
We have reviewed the mother's remaining contentions and conclude that none warrants [*2]modification or reversal of the orders in these appeals.
Entered: February 7, 2025
Ann Dillon Flynn
Clerk of the Court