Matter of Hanalise S. (Daniel S.S.) (2025 NY Slip Op 02687)

Matter of Hanalise S. (Daniel S.S.)

2025 NY Slip Op 02687

Decided on May 2, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, SMITH, NOWAK, AND DELCONTE, JJ.

286 CAF 23-02033

[*1]IN THE MATTER OF HANALISE S. MONROE COUNTY DEPARTMENT OF HUMAN SERVICES, PETITIONER-RESPONDENT; DANIEL S.S., RESPONDENT-APPELLANT.

LAW OFFICES OF RANDALL S. CARMEL, JERICHO (RANDALL S. CARMEL OF COUNSEL), FOR RESPONDENT-APPELLANT. 
JOHN P. BRINGEWATT, COUNTY ATTORNEY, ROCHESTER (MARY WHITESIDE OF COUNSEL), FOR PETITIONER-RESPONDENT.
SUSAN E. GRAY, CATONSVILLE, MARYLAND, ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Monroe County (Alecia J. Mazzo, J.), entered June 28, 2023, in a proceeding pursuant to Social Services Law § 384-b. The order, inter alia, terminated the parental rights of respondent with respect to the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Social Services Law § 384-b, petitioner moved by order to show cause to revoke a suspended judgment entered upon, inter alia, the admission of respondent father that he had permanently neglected the subject child. The father appeals from an order by which Family Court, inter alia, effectively granted petitioner's motion and terminated the father's parental rights with respect to the subject child. We affirm.
As a preliminary matter, we reject petitioner's contention that the appeal should be dismissed as untimely. Inasmuch as there is no evidence in the record of when the order was served on the father, "we cannot determine on this record when, if ever, the time to take the appeal[ ] began to run, and thus it cannot be said" that the father's appeal is untimely (Matter of Bukowski v Florentino, 210 AD3d 1520, 1521 [4th Dept 2022]; see also Matter of Grayson S. [Thomas S.], 209 AD3d 1309, 1310-1311 [4th Dept 2022]).
With respect to the merits, it is well settled that, "[w]here petitioner establishes by a preponderance of the evidence that there has been noncompliance with any of the terms of the suspended judgment, the court may revoke the suspended judgment and terminate parental rights" (Matter of Ramel H. [Tenese T.], 134 AD3d 1590, 1592 [4th Dept 2015] [internal quotation marks omitted]; see Family Ct Act § 633 [f]; Matter of Ronald O., 43 AD3d 1351, 1352 [4th Dept 2007]). "[L]iteral compliance with the terms of the suspended judgment will not suffice to prevent a finding of a violation. A parent must [also] show that progress has been made to overcome the specific problems which led to the removal of the child[ ]" (Matter of Joseph M., Jr. [Joseph M., Sr.], 150 AD3d 1647, 1648 [4th Dept 2017], lv denied 29 NY3d 917 [2017] [internal quotation marks omitted]; see Matter of Maykayla FF. [Eugene FF.], 141 AD3d 898, 899 [3d Dept 2016]). Further, "a hearing on a [motion] alleging that the terms of a suspended judgment have been violated is part of the dispositional phase of the permanent neglect proceeding, and . . . the disposition shall be based on the best interests of the child" (Matter of Jenna D. [Paula D.], 165 AD3d 1617, 1619 [4th Dept 2018], lv denied 32 NY3d 912 [2019] [internal quotation marks omitted]). Contrary to the father's contention, the record establishes that he violated the suspended judgment order by, inter alia, failing to undergo a [*2]mental health evaluation within 30 days of the order, failing to maintain stable and suitable housing, and violating the prohibition on discussing "the instant case, the [c]hild's caretakers, [p]etitioner, or any other legal matter" in front of the subject child. Again, the failure to comply with " 'any of the terms of the suspended judgment' " permits the court to revoke the suspended judgment (Joseph M., Jr., 150 AD3d at 1648).
Finally, a preponderance of the evidence supports the court's determination that it was in the child's best interests to terminate the father's parental rights (see Jenna D., 165 AD3d at 1619; Matter of Mikel B. [Carlos B.], 115 AD3d 1348, 1349 [4th Dept 2014]). "Although [the father's] breach of the express conditions of the suspended judgment does not compel the termination of [his] parental rights, [it] is strong evidence that termination is, in fact, in the best interests of the child[ ]" (Jenna D., 165 AD3d at 1619 [internal quotation marks omitted]; see Matter of Michael HH. [Michael II.], 124 AD3d 944, 945-946 [3d Dept 2015]). Here, "any progress that [the father] made was not sufficient to warrant any further prolongation of the child['s] unsettled familial status" (Matter of Brendan S., 39 AD3d 1189, 1190 [4th Dept 2007] [internal quotation marks omitted]).
We have reviewed the father's remaining contention and conclude that it does not warrant modification or reversal of the order.
Entered: May 2, 2025
Ann Dillon Flynn
Clerk of the Court