Matter of Jaylin'j E. (Charlotte D.) (2025 NY Slip Op 04066)

Matter of Jaylin'j E. (Charlotte D.)

2025 NY Slip Op 04066

Decided on July 3, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 3, 2025

CV-24-1305
[*1]In the Matter of Jaylin'j E., a Permanently Neglected Child. Broome County Department of Social Services, Respondent; Charlotte D., Appellant.

Calendar Date:June 3, 2025

Before:Clark, J.P., Aarons, Pritzker, Reynolds Fitzgerald and Powers, JJ.

Lisa K. Miller, McGraw, for appellant.
Cheryl D. Sullivan, County Attorney, Binghamton (Brianna Strope Vaughan of counsel), for respondent.
Ivy M. Schildkraut, Rock Hill, attorney for the child.

Pritzker, J.
Appeal from an order of the Family Court of Broome County (Mark Young, J.), entered March 19, 2024, which, among other things, in a proceeding pursuant to Social Services Law § 384-b, granted petitioner's motion to revoke a suspended judgment, and terminated respondent's parental rights.
Respondent (hereinafter the mother) is the mother of a child (born in 2019). The child has been in the care and custody of petitioner since August 2020, when the mother consented to the child's removal. In June 2021, Family Court adjudicated the child to have been neglected by the mother. Thereafter, in an order entered on February 8, 2023, Family Court adjudicated the child to be permanently neglected, citing, among other things, the mother's inability to work with petitioner's staff and her failure to fully engage with mental health services. By way of disposition, the court entered a suspended judgment until June 21, 2023, and required the mother to, among other things, cooperate with petitioner, execute any releases requested by petitioner, complete a mental health evaluation and follow through with any recommendations from said evaluation. On February 14, 2023, petitioner, by order to show cause, sought revocation of the suspended judgment based upon a violation of its terms and conditions (see Family Ct Act § 633 [e]) and that the mother's rights be terminated, premised on the mother's discharge from her mental health services due to behavioral issues. The court held a fact-finding hearing over the course of five separate days, after which it issued a dispositional order revoking the suspended judgment and terminating the mother's parental rights. The mother appeals.
We affirm. The mother argues that there was not a sound and substantial basis in the record to conclude that she violated the terms of the suspended judgment because, while there was testimony that she was discharged from her mental health services because of behavioral issues, there was no evidence that these behavioral issues did not derive from medication changes. "The purpose of a suspended judgment is to provide a parent who has been found to have permanently neglected his or her child[ ] with a brief period of time within which to become a fit parent with whom the child[ ] can be safely reunited" (Matter of Alexis X. [Tara Y.], 222 AD3d 1213, 1213-1214 [3d Dept 2023] [internal quotation marks and citations omitted]; see Matter of Elaysia GG. [Amber HH.], 221 AD3d 1338, 1339 [3d Dept 2023]). "This opportunity is limited in time, during which the parent must comply with terms and conditions meant to ameliorate the difficulty that led to the suspended judgment" (Matter of Max HH. [Kara FF.], 170 AD3d 1456, 1457-1458 [3d Dept 2019] [internal quotation marks, brackets and citations omitted]; see Matter of Jeremiah RR. [Bonnie RR.], 192 AD3d 1338, 1339 [3d Dept 2021], lv denied 37 NY3d 905 [2021]). "The parent must comply with the terms of the suspended judgment during this grace period and, upon [*2]a showing by a preponderance of the evidence of the parent's noncompliance, [the court] may revoke the suspended judgment and terminate his or her parental rights" (Matter of Jerhia EE. [Benjamin EE.], 157 AD3d 1017, 1018 [3d Dept 2018] [citations omitted]; see Matter of Jeremiah RR. [Bonnie RR.], 192 AD3d at 1339-1340).
Initially, although the order adjudicating the child as permanently neglected and suspending the judgment was not entered until February 2023, the record is clear and the parties agree that the suspended judgment period began on December 21, 2022, when the mother admitted to permanently neglecting the child.[FN1] As set forth in this order, to comply with the terms of the suspended judgment, the mother was required to, among other things, (1) furnish petitioner with requested releases so it could monitor her progress; and (2) "attend and honestly cooperate" with a mental health, psychiatric or psychological evaluation and "follow through with any resulting recommendations . . . until successful complet[ion]" and demonstrate growth from those recommendations. In the February 2023 order finding the mother to have permanently neglected the child, the court noted that the mother "inadequately completed services and has consistently failed to show benefit from ordered and necessary services," specifically mental health treatment.
Petitioner produced evidence that, during the relevant time period, the mother had been unsuccessfully discharged from two separate mental health providers. The first unsuccessful discharge occurred after she became argumentative during a session. Evidence demonstrated that when her therapist ended the session because it was not productive and asked her to leave, respondent refused to do so, which led to security being called. The mother then went to another mental health treatment provider but was unable to complete her intake appointment in a compliant manner. Also, during the relevant time frame, evidence demonstrated that the mother revoked releases that would allow petitioner and her case planner to access her mental health records. The mother admitted to this during her testimony. While the mother offered various explanations during her testimony as to why she was either compliant with the suspended judgment or reasons why she could not be, "we defer to Family Court's credibility determinations and will not disturb its findings [that the mother violated the terms of the suspended judgment] as they are supported by a sound and substantial basis in the record" (Matter of Marquise JJ. [Brittany JJ.], 103 AD3d 937, 938-939 [3d Dept 2013], lv denied 21 NY3d 859 [2013]; see Matter of Aerielle M. [Ashaley C.], 235 AD3d 1257, 1258 [4th Dept 2025]; Matter of Alexandria A. [Ann B.], 93 AD3d 1105, 1106 [3d Dept 2012], lv denied 19 NY3d 805 [2012]). 
Furthermore, "[c]ontrary to the mother's contention, a separate dispositional hearing was not required before revoking [the] suspended judgment and terminating her parental [*3]rights [as] the record demonstrates that it was in the child's best interests" (Matter of Elaysia GG. [Amber HH.], 221 AD3d at 1340-1341, citing Family Ct Act § 633 [f]).[FN2] Finally, the mother's claim of judicial bias is unpreserved given the failure to object or move for recusal (see Matter of Amanda YY. v Faisal ZZ., 198 AD3d 1125, 1129 [3d Dept 2021], lv denied 38 NY3d 908 [2022]; Matter of Patrick EE. v Brenda DD., 129 AD3d 1235, 1238 [3d Dept 2015], lv denied 26 NY3d 908 [2015]).
Clark, J.P., Aarons, Reynolds Fitzgerald and Powers, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: This time frame is confirmed in the February 2023 order, which states that the six-month suspended judgment period was to expire on June 21, 2023.

Footnote 2: Beyond this procedural contention, the mother does not make any specific argument relative to the merits of Family Court's determination that it was in the child's best interests for the mother's rights to be terminated.